**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

THE CINCINNATI INSURANCE
COMPANY,

    Plaintiff,

v.                                          Case No: 5:12-cv-406-Oc-10PRL

QUORUM MANAGEMENT CORP.,
JUAN MARTIN NERO, GUILLERMO
CASET, NICHOLAS ESPAIN,
ANTHONY J. CAMPBELL, DIAMOND
STATE INSURANCE COMPANY and
FRANCKS LAB, INC.

    Defendants.

## ORDER

This insurance indemnification action comes before the Court for consideration of two pending motions to strike filed by Defendants. (Docs. 62 & 64). Plaintiff has responded. (Doc. 68). For the reasons explained below, the Court finds that Defendants' motions to strike are due to be **DENIED**.

### I.    BACKGROUND

Plaintiff, Cincinnati Insurance Company, filed this action on July 19, 2012. (Doc. 1). Plaintiff seeks declaratory judgment pursuant to 28 U.S.C. § 2201(a) to declare rights under general liability insurance policies issued to Defendant Franck's Lab Inc. (Doc. 15, ¶ 1). Specifically, Plaintiff seeks a judgment declaring that it is excused from obligations of defense and indemnification for claims asserted in an underlying action pending in Circuit Court in Palm Beach County, Florida. (Doc. 15). In the underlying action, owners of polo horses contend that

their horses were killed by an injection of a nutritional supplement that was designed, formulated, manufactured, sold and distributed by Defendant Franck's Lab, Inc., a compounding lab licensed as a pharmacy. The claims in the underlying action include claims for negligence and strict liability arising from the allegedly defective nutritional supplement compound. (Doc. 15, ¶ 20).

Plaintiff Cincinnati Insurance issued commercial general and umbrella liability policies to insured Franck's Lab that were in force during the events relevant in the underlying action. (Doc. 15, ¶ 33). The Amended Complaint alleges that the policies afford coverage subject to certain exclusions, including exclusions for "'bodily injury,' 'property damage,' or 'personal and advertising injury' arising out of the rendering or failure to render professional health care services as a pharmacist," as well as an exclusion for "'bodily injury,' or 'property damage' included within the "products-completed operations hazard.'" (Doc. 15, ¶35).

On April 4, 2013, Plaintiff filed a motion for summary judgment (Doc. 34) seeking a ruling that no coverage exists under the policies due to the professional services exclusion. On October 22, 2013, Plaintiff filed an additional motion for summary judgment, seeking a ruling that there is also no coverage under the policies for property damage included with the "products- completed operations hazard" exclusion. (Doc. 55). Also pending are motions for summary judgment filed by Defendants (Docs. 39 & 59).

## II.   DISCUSSION

Defendant Franck's Lab and Anthony Campbell (Doc. 62) have moved to strike Plaintiff's additional motion for summary judgment. Defendants argue that the exhibits Plaintiff relies upon in support of the motion appear to be pages from different insurance policies. Defendants contend that the exhibits attached to its second motion for summary judgment

include only portions of insurance policies, and those documents differ from the certified copies of the policies attached to its Complaint. (Doc. 62, p. 2). Defendants contend that Plaintiff did not file an affidavit or other document authenticating the exhibits in violation of Federal Rule of Civil Procedure 56(e). Defendants also contend that the motions should be stricken due to Plaintiff's failure to formally correct its Rule 26 disclosures to reflect the proper policies. Consequently, Defendants move the Court to strike the second motion for summary judgment, and its exhibits, from the record. For the same reasons, Defendants have also filed a separate motion to strike portions of Plaintiff's Response to their motion for summary judgment. (Doc. 64).

In response, Plaintiff explains the discrepancies between the various policy documents. Plaintiff states that, early in discovery, it was discovered that the policies attached to the initial Complaint were incorrect, and the corrected versions of the policies were promptly produced. (Doc. 68, p. 2). As Plaintiff notes, the insureds readily acknowledge that they received the corrected versions of the policies in March of 2013. (Doc. 62, p. 6). Consequently, Plaintiff relied upon the corrected versions of the policies in support of its motion for summary judgment, and in response to Defendants' motion for summary judgment.

Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under this rule, the movant bears the burden of demonstrating that the challenged matter should be stricken. *Unique Inds., Inc. v. 965207 Alberta Ltd.*, 722 F.Supp.2d 1, *5 (D.C. Cir. 2009). Despite the plain language of Rule 12, a party may use a motion to strike to challenge the admissibility of exhibits to the opposition's motion for summary judgment. *Saunders v. Emory Healthcare, Inc.*, 360 Fed.Appx. 110, 113 (11th Cir. 2010); *Knights Armament Co. v. Optical*

*Sys. Tech., Inc.*, 636 F.Supp.2d 1283, 1290 (M.D. Fla. 2009. Grounds for such challenge may include lack of proper authentication. *Saunders*, 360 Fed. Appx. at 113; *Knights Armament*, 646 F.Supp.2d. at 1291-92.

Pursuant to Federal Rule of Evidence 901(a), authentication of a piece of evidence requires that the proponent "produce evidence sufficient to support a finding that the item is what the proponent claims it is." An example of a proper authentication method under Rule 901 is "Testimony of a Witness with Knowledge" – testimony that an item is what it is claimed to be. Fed. R. Evid. 901(b)(1). As to authenticating an affidavit supporting or opposing a motion for summary judgment, Federal Rule of Civil Procedure 56(c)(4) states that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out the facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Moreover, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

In the instant case, Defendants have not satisfied their burden of proving that Plaintiff's summary judgment evidence should be stricken. *Unique Inds.*, 722 F.Supp.2d at *5. Although Defendants may use a motion to strike to challenge the admissibility of Plaintiffs' summary judgment evidence – which here includes Plaintiff's evidence supporting its own motion for summary judgment as well as Plaintiff's evidence opposing Defendants' motion for summary judgment – they have failed to establish a ground upon which such a motion could be granted. *Saunders*, 360 Fed.Appx. at 113; *Knights Armament*, 636 F.Supp.2d at 1290. While Plaintiff failed to include testimony in its Additional Motion for Summary Judgment (Doc. 55) that the corrected insurance policies (Exhibits 4 and 5) were what they were claimed to be, Plaintiff did

include evidence identifying the corrected policies in its Response to Defendants' Motion for Summary Judgment. (Doc. 61, Ex. 9, Ex. 10). These affidavits were made on the personal knowledge of the affiants Ms. Shaffer and Mr. Glenny, who were competent to testify on the subject matter given their positions as Plaintiff's Underwriting Superintendent, Commercial Lines Division and co-counsel for Plaintiff, respectively. (Doc. 61, Ex. 9, Ex. 10).

Likewise, Defendants have neither argued nor demonstrated that the underlying facts of these affidavits would be inadmissible in evidence. Defendants do not dispute that Plaintiff provided certified copies of the corrected policies to Defendants during discovery and before filing its Additional Motion for Summary Judgment. Defendants' argument that the copies of the original policies should be considered for summary judgment purposes because they were certified is belied by the uncontested fact that the copies of the corrected policies that Plaintiff provided to Defendants were also certified. (Doc. 68, p. 6). Moreover, Defendants have not argued any other basis (besides lack of authentication) upon which Plaintiff's summary judgment evidence could be inadmissible.

As to supplementation of initial disclosures, under Rule 26(e)(1)(A) Plaintiff is only required to supplement its initial disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Exhibits 9 and 10 to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 61) demonstrate that Plaintiff otherwise made the corrected policies known to Defendants, so as to obviate Plaintiff's obligation to supplement its initial disclosures. While Exhibit 9 demonstrates that in February 2007 Plaintiff corrected and notified Franck's Lab in writing of the clerical error, Exhibit 10 demonstrates that in March 2013 Plaintiff communicated to Franck's Lab during discovery that the policies Plaintiff was producing at that

time were different and corrected from those attached to the Complaint. (Doc. 39, Ex. 9 & 10). Because Plaintiff made the corrected policies known to Defendants both during the discovery process and on a previous occasion in writing, Plaintiff was not obligated under Rule 26(e)(1)(A) to supplement its initial disclosures to include the corrected policies. Accordingly, failure to supplement the initial disclosures is not a basis upon which to grant Defendants' motions to strike.

### III.  CONCLUSION

When the record is viewed as a whole, and in light of the affidavits of Ms. Shaffer and Mr. Glenny, the Court finds that Plaintiff did not fail to properly authenticate or supplement its summary judgment evidence. Defendants' Motions to Strike (Docs. 62 & 64) are **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on February 12, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties